**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4351**

———————

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

WILLIAM A. MCDOWELL,

 Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:07-cr-00173-FDW-2)

———————

Submitted: July 1, 2010                  Decided: July 16, 2010

———————

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Denzil H. Forrester, Charlotte, North Carolina, for Appellant.
Amy Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William McDowell was convicted by a jury of conspiracy to defraud the United States, money laundering, and aiding and abetting mail fraud, 18 U.S.C. §§ 371, 1341, 1956(h) (2006), and was sentenced to a total term of 108 months imprisonment. He noted a timely appeal. McDowell's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but questions whether the district court erred in assigning a sixteen-level increase to McDowell's base offense level based on the amount of loss involved. McDowell has filed pro se supplemental briefs in which he also challenges the district court's calculation of loss attributable to him at sentencing. In addition, McDowell asserts that his rights under the Speedy Trial Act were violated and he was denied effective assistance of counsel. Finding these claims without merit, we affirm.

The evidence presented at McDowell's trial established that he and a number of other individuals participated in a mortgage fraud scheme between February 2002 and March 2005 in Charlotte, North Carolina. McDowell, as one of the promoters of the scheme, would locate individuals with good credit scores/history and convince them to "invest" in his real estate plan as follows: The buyer/investor would apply for a mortgage loan using an inflated purchase price; the property would have

2

already been acquired by McDowell and others at fair market value. The difference between the actual price of the property and the inflated loan value was divided among the participants, including a payment to the buyer/investor.

The majority of the properties were ultimately foreclosed upon. The total loss attributed to McDowell was between $1 million and $2.5 million. Based on a total offense level of 31 and a criminal history category II, McDowell's sentencing range was 121 to 151 months of imprisonment. However, the district court reduced McDowell's criminal history category to I, based on its conclusion that his criminal history score overstated the seriousness of his criminal history, and found that his revised advisory guidelines range was 108 to 135 months of imprisonment. The court sentenced McDowell to 108 months imprisonment on counts four, five, and seven, and 60 months on count one, to be served concurrently.

McDowell first challenges the calculation of loss attributable to him at sentencing. The guidelines provide that the amount of loss for purposes of sentencing enhancements is the greater of the actual loss or the intended loss. U.S. Sentencing Guidelines Manual (USSG) § 2B1.1 cmt. n.3(A) (2008). Here, McDowell's base offense level was increased by sixteen because the district court determined that the amount of

intended and actual loss was between $1 million and $2.5 million.

The amount of loss is a factual determination reviewed for clear error. United States v. Loayza, 107 F.3d 257, 265 (4th Cir. 1997). A sentencing court makes a "reasonable estimate of the loss, given the available information." United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003) (internal quotation marks omitted); see USSG § 2B1.1, cmt. n.3(C). A sentencing enhancement need only be supported by a preponderance of the evidence. Miller, 316 F.3d at 503. "Intended loss" is defined as "the pecuniary harm that was intended to result from the offense . . . and . . . includes intended pecuniary harm that would have been impossible or unlikely to occur[.]" USSG § 2B1.1, cmt. n.3(A)(ii). The intended loss amount may be used to determine sentencing, "even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct." Miller, 316 F.3d at 502. Accordingly, the district court did not clearly err in finding that the amount of loss for sentencing purposes was the aggregate face amount of the fraudulent loans issued. McDowell's argument that he should be credited with any recovery received by the victim banks through foreclosure sales should be addressed in a motion to modify the restitution order.

McDowell also argues that, in light of the Supreme Court's decision in United States v. Santos, 128 S. Ct. 2020 (2008), the amount of loss should have been "net loss," calculated by subtracting the reasonable market value of the homes from the loan amounts. We decline to so extend the holding in Santos.

In his supplemental pro se briefs, McDowell also claims that his rights under the Speedy Trial Act (STA), 18 U.S.C. § 3161 (2006), were violated. McDowell did not, however, move to dismiss the indictment based on the STA, and thus has waived review of that issue. See 18 U.S.C. § 3162(a)(2) (2006) ("Failure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal [of the indictment].").  In any event, we find this claim meritless as the delays in the commencement of McDowell's trial resulted from his motions to continue, all of which were granted.

Finally, McDowell argues that he was denied effective assistance of counsel. This claim is more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009), unless counsel's alleged ineffectiveness conclusively appears on the record. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We have reviewed the record and we find no conclusive evidence that counsel rendered ineffective

assistance. Accordingly, we decline to consider the claim on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny all motions for withdrawal/substitution of counsel, and McDowell's motions to strike the <u>Anders</u> brief, to expedite, and for bail pending appeal. This court requires that counsel inform McDowell, in writing, of the right to petition the Supreme Court of the United States for further review. If McDowell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McDowell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>